UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAURIAN WARING, Individually and on Behalf
of All Other Persons Similarly Situated,

                Plaintiff,

      -against-

DAVIS REALTY CORP., MILTON DAVIS and
MARVIN DAVIS, jointly and severally,

                Defendants.
------------------------------------------------------------X

Case No. 07 CV 10348 (AKH)

**ANSWER**

      Defendants, Davis Realty s/h/a "Davis Realty Corp.," Marvin Davis and Milton Davis (collectively "Defendants"), by their attorneys Tarter Krinsky & Drogin LLP, in answer to the Complaint, allege as follows:

      1.     Admit that Plaintiff makes the allegations alleged in Paragraph "1" of the Complaint, except deny the underlying allegations set forth in Paragraph "1" of the Complaint.

      2.     Admit that Plaintiff makes the allegations alleged in Paragraph "2" of the Complaint, except deny the underlying allegations set forth in Paragraph "2" of the Complaint.

      3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint and refer all questions of law to the Court for its determination.

      4.     Admit the allegations contained in Paragraph "4" of the Complaint.

      5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint and refer all questions of law to the Court for its determination.

      6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7. Deny the allegations contained in Paragraph "7" of the Complaint, except admit Davis Realty has a principal place of business in New York County.

8. Admit the allegations contained in Paragraph "8" of the Complaint.

9. Deny the allegations contained in Paragraph "9" of the Complaint.

10. Admit the allegations contained in Paragraph "10" of the Complaint, but deny the underlying allegations of Paragraph "10" of the Complaint.

11. Deny the allegations contained in Paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13. Deny the allegations contained in Paragraph "13" of the Complaint.

14. Deny the allegations contained in Paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16. Admit that Plaintiff purports to sue on behalf of a class of persons, as alleged in Paragraph "16" of the Complaint, but deny that a class action is appropriate.

17. Admit that Plaintiff purports to bring his New York Labor Law claim on behalf of others as alleged in Paragraph "17" of the Complaint, but deny that class claims are appropriate.

18. Deny the allegations contained in Paragraph "18" of the Complaint.

19. Deny the allegations contained in Paragraph "19" of the Complaint.

20. Deny the allegations contained in Paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22. Deny the allegations contained in Paragraph "22" of the Complaint.

23. Deny the allegations contained in Paragraph "23" of the Complaint.

24. Deny the allegations contained in Paragraph "24" of the Complaint, except admit Davis Realty employed Plaintiff.

25. Deny the allegations contained in Paragraph "25" of the Complaint.

26. Deny the allegations contained in Paragraph "26" of the Complaint, except admit that during certain times the New York minimum wages vote was $7.15 per hour.

27. Deny the allegations contained in Paragraph "27" of the Complaint.

28. Deny the allegations contained in Paragraph "28" of the Complaint, except admit that Plaintiff's employment ended about September 21, 2007.

29. Deny the allegations contained in Paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Complaint and refer all questions of law to the Court for its determination.

31. Defendants repeat, restate and reallege each and every response contained in Paragraphs "1" through "31" above as if stated herein again at length.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Complaint and refer all questions of law to the Court for its determination.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Complaint and refer all questions of law to the Court for its determination.

34. Deny the allegations contained in Paragraph "34" of the Complaint.

35. Deny the allegations contained in Paragraph "35" of the Complaint and refer all questions of law to the Court for its determination.

36. Deny the allegations contained in Paragraph "36" of the Complaint.

37. Deny the allegations contained in Paragraph "37" of the Complaint.

38. Deny the allegations contained in Paragraph "38" of the Complaint.

39. Deny the allegations contained in Paragraph "39" of the Complaint.

40. Deny the allegations contained in Paragraph "40" of the Complaint.

41. Deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants repeat, restate and reallege each and every response contained in Paragraphs "1" through "42" above as if stated herein again at length.

43. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint and refer all questions of law to the Court for its determination.

44. Admit the allegations set forth in Paragraph "44" of the Complaint.

45. Deny the allegations set forth in Paragraph "45" of the Complaint.

46. Deny the allegations set forth in Paragraph "46" of the Complaint.

47. Deny the allegations set forth in Paragraph "47" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails to state a claim against defendants upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. No Basis for a Rule 23 Class Action exists and Plaintiff fails to satisfy the requirements for a class action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. Upon information and belief, Plaintiff is not a proper class representative.

{Client\000999\ad104\00119782.DOC;1}

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Upon information and belief, some or all of the individual defendants are not "employers" within the purview of the statutes alleged.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53. Upon information and belief, Plaintiff is guilty of unclean hands which bars his claims.

Dated: New York, New York
February 8, 2008

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By: /S/
Laurent S. Drogin (LD-4770)
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000

TO: THE LAW OFFICVE OF JUSTIN A. ZELLER, P.C.
*Attorneys for Plaintiff*
Attn: Justin A. Zeller
251 West 14th Street, 5th Floor
New York, NY 10011
(212) 229-2249

BERGER & GOTTLIEB
*Attorneys for Plaintiff*
Attn: Jeffrey M. Gottlieb
150 East 18th Street, Suite PHR
New York, NY 10003
(212) 228-9795

{Client\000999\ad104\00119782.DOC;1}